IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2333

(Appeal from C/A No.: 4:12-CV-605-RBH-TER)

| | | |
|---|---|---|
| WILLIAM FITCHETT and BRAD R. JOHNSON, | ) ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | |
| | ) | |
| vs. | ) | **INFORMAL RESPONSE BRIEF**[1] |
| | ) | |
| | ) | |
| ALAN WILSON, COUNTY OF HORRY, STATE OF SOUTH CAROLINA, M. LOIS EARGLE, RODDY DICKINSON, and TIM CHRISTOPHER, | ) ) ) ) | |
| | ) | |
| Defendants/Appellees | ) | |
| _____ | ) | |

<u>Introduction</u>

   Appellees, by and through the undersigned legal counsel, do hereby file the Instant Informal Response Brief in the above-referenced matter. For the reasons set forth herein, this appeal should be denied and the decisions and judgment of the district court be affirmed.

<u>Relevant Factual Background</u>

   As the record reflects, *pro se* Plaintiffs/Appellants William Fitchett and Brad R. Johnson ("Plantiffs" and/or "Appellants") filed their instant Complaint on March 1, 2012, once again alleging

---

[1]Appellees assert that the issues presented herein are succinctly and best set forth as stated herein, as opposed to the Appellants' version thereof.

1

that Defendants/Appellees Alan Wilson. County of Horry, State of South Carolina, M. Lois Eargle, Roddy Dickinson, and Tim Christopher ("Defendants" and/or Appellees") violated their civil rights in violation of 42 U.S.C. § 1983 (Doc. # 1). In particular, the Plaintiffs again assert that the Defendants unlawfully "executed" and "enforced" S.C. Code Ann. §§ 56-3-150(B) and 56-3-160 against them and that these motor vehicle registration statutes are unconstitutional ("the statutes at issue") (Doc. # 1). The relevant South Carolina state statutes provide as follows:

> SECTION 56-3-150(B) Exemption of certain foreign vehicles of nonresident owners; verification process; penalties.
>
> > (B) The vehicle of a nonresident must be registered and licensed pursuant to this chapter upon the earlier of a nonresident's:
> >
> > > (1) subsequent establishment of domicile in this State; or
> > >
> > > (2) operation of the vehicle in this State for an accumulated period exceeding one hundred fifty days.
>
> SECTION 56-3-160. Foreign vehicles of resident owners.
>
> > Every foreign vehicle moved into this State the owner of which is a resident of this State immediately becomes liable for registration and license under the provisions of this chapter, and for the purpose of this section, the term "resident of this State" shall include every person who moves temporarily or permanently into this State for the purpose of engaging in any business, profession or employment.
>
> S.C. Code § 56-3-150(B) and 56-3-160.

Significantly, as this Court is fully aware, Plaintiffs' claims in this case are virtually identical to those presented in both Johnson v. County of Horry (C/A No. 4:06-CV-2570-TLW) and Fitchett v. County of Horry (C/A No. 4:10-CV-1648-TLW) and previously ruled upon by the Fourth Circuit Court of Appeals in both Johnson v. County of Horry, 360 Fed.Appx. 466, 2010 WL 55542 (4th Cir.

2

Jan. 5, 2010) and <u>Fitchett v. County of Horry</u>, 473 Fed.Appx. 248 (4th Cir. May 15, 2012). Indeed, even a cursory review of the current Complaint with the Plaintiffs' prior Complaints reveal them to be almost identical. Notably, in each of the prior cases, the Fourth Circuit Court of Appeals clearly and unambiguously held that the very same statutes again at issue did not violate Equal Protection, did not unconstitutionally burden the right to interstate travel, and did not violate the dormant Commerce Clause. <u>Johnson v. County of Horry</u>, 360 Fed.Appx. 466, 2010 WL 55542 (4th Cir. Jan. 5, 2010); <u>Fitchett v. County of Horry</u>, 473 Fed.Appx. 248 (4th Cir. May 15, 2012).

On December 11, 2012, Defendant Alan Wilson filed a motion to dismiss, arguing that he was absolutely immune due to the prosecutorial nature of his alleged actions and that Plaintiffs failed to state a claim for which relief could be granted (Doc. # 35). Subsequently, on January 7, 2013, all Defendants jointly filed a motion for summary judgment, attacking the sufficiency of the Plaintiff's claims, as well as raising other issues, including whether Appellant Johnson lacked standing to bring the action (Doc. # 49).

Plaintiffs were put on notice, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 409 (4th Cir. 1975), of the consequences of summary judgment and of the failure to respond to the Defendants' dispositive motions (Doc. # 36, 59). Plaintiffs thereafter "responded" to the Defendants' dispositive motions (Doc. # 62, 74).[2]

---

[2]As noted by the district court, the Plaintiffs did not actually file a formal response to the Defendants' motion for summary judgment (Doc. # 97, Footnote No. 4). Rather, Plaintiffs filed only a motion for continuance, which the district court graciously deemed a response in opposition (Doc. # 97).

On August 23, 2013, United States Magistrate Judge Thomas E. Rogers, III ("Magistrate Judge Rogers") issued his Report and recommended, in part, that the claims asserted by Plaintiff Johnson be dismissed for lack of standing, Defendant Wilson's motion to dismiss be granted (Doc. # 35), and that the underlying case be dismissed in its entirety (Doc. # 91). Plaintiffs filed objections to the Magistrate Judge's Report on September 12, 2013, included those related to Appellant Johnson's lack of standing (Doc. # 95).

By Court Order dated September 30, 2013, United States District Judge R. Bryan Harwell ("District Court Judge Harwell") Ordered that both Defendant Wilson's motion to dismiss and the Defendants motion for summary judgment be granted (Doc. # 97). As well, the district judge also deemed all pending motions moot (Doc. # 97). This appeal followed.

ISSUE 1.    <u>Did United States District Court Judge R. Bryan Harwell Err as a Matter of Law by Failing to Recuse Himself Prior to Ruling upon the Defendants' Dispositive Motions?</u>

_____Initially, Appellants contend that United States District Court Judge R. Bryan Harwell erred as a matter of law by failing to recuse himself prior to ruling upon the Defendants' dispositive motions. However, all such contentions are without legal merit.

Generally, 28 U.S.C. § 455 governs the disqualifications of a judge and provides that a judge should disqualify himself when, among other reasons, his impartiality might be questioned or he has a personal bias or prejudice concerning a party. See 28 U.S.C. § 455(a), (b)(1). In considering whether a judge's impartiality might be questioned, an "objective reasonableness" standard applies and "is not to be construed to require recusal on spurious or loosely based charges of partiality." <u>McBeth v. Nissan Motor Corp. USA</u>, 921 F. Supp. 1473, 1477 (D.S.C. 1996).

Furthermore, in evaluating whether a personal bias of prejudice exists, it is frequently said that a claim of "personal bias and prejudice" exists whenever the affiant is able to state facts supporting his reasons for the alleged bias and prejudice. Robinson v. N.C. Employment Sec. Com'n, 2009 WL 3150324 (W.D.N.C. Sept. 30, 2009). Conclusory allegations charging the judge with improper conduct do not constitute the required "statement of facts" and therefore cannot justify disqualification. Duplan Corp. v. Deering Milliken, Inc., 400 F. Supp. 497, 514 (4th Cir 1975). Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.1984) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. U.S., 510 U.S. 540, 554 (1994).

In the case at bar, Appellants' assertion that District Judge Harwell was "clearly biased" merely because he found that Appellant Johnson "had a complete disregard for the judiciary" is insufficient to warrant recusal under 28 U.S.C. § 455 for either impartiality or bias. Again, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for recusal Liteky v. U.S., 510 U.S. 540, 554 (1994). Additionally, Appellants provides no explanation or evidentiary support for their accusations of any impartiality and/or bias. To the contrary, the District Judge properly and correctly found as he did. Likewise, at no time did the Appellants ever move for the recusal of District Judge Harwell. Indeed, it was not until after the Appellants' claims were dismissed, and the instant appeal

5

taken, that such contentions of bias and/or impartiality were ever raised. In sum, Appellants' contentions that District Judge Harwell was somehow impartial and/or biased is wholly and utterly without merit. Accordingly, judgment in the instant case should be affirmed.

ISSUE 2.    Did United States District Court Judge R. Bryan Harwell Err as a Matter of Law by Dismissing Appellant Johnson's Claims for Lack of Standing?

Appellants next contend that United States District Court Judge R. Bryan Harwell erred as a matter of law by dismissing Appellant Johnson's claims for lack of standing. However, all such contentions are equally without legal merit.

Standing is a question of law that is reviewed *de novo* on appeal. Frank Krasner Enters., Ltd. v. Montgomery County, 401 F.3d 230, 234 (4th Cir. 2005). In order to have standing, a plaintiff must establish, inter alia, that he has suffered an injury in fact, that is, "an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent." Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149, 154 (4th Cir. 2000) *(en banc)*. A plaintiff must also establish that "the injury [is] fairly traceable to the challenged conduct; and [that] a favorable decision [is] likely to redress the injury." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). Where no such injury is present, federal courts are without constitutional authority to consider a plaintiff's claims. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559–60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Here, the magistrate judge properly recommended, and the district court judge properly concluded, that Appellant Johnson lacked standing to bring the instant case. As succinctly and properly reasoned by the magistrate judge:

6

...Plaintiff Johnson does not appear to have standing in this action based upon the allegations in the Complaint...

With regard to Plaintiff Johnson, the facts as alleged in the Complaint establish only that Plaintiff Johnson resided in North Carolina, worked in South Carolina and that, when he reviewed Plaintiff Fitchett's letter warning Fitchett that he (Fitchett) may be in violation of the statutes at issue, Plaintiff Johnson decided to limit his travel to South Carolina. Further, as a result of Plaintiff Fitchett's decision to quit traveling to South Carolina for fear of being arrested, Plaintiff Johnson was forced to consider hiring a South Carolina resident to manage his South Carolina rental properties. Plaintiff Johnson does not allege that he owned a vehicle, much less where any such vehicle was licensed and/or registered. As such, Plaintiff Johnson has failed to allege that he suffered an actual or threatened injury. Nothing in the pleadings indicates that Plaintiff Johnson was ever in violation of the statutes at issue or that Defendants accused him of being in violation of the statutes at issue. Thus, to the extent he argues that the injury he suffered was his limited travel to South Carolina for "fear of being arrested by employee/agents of Defendant Horry," Complaint ¶ 21, or that he was forced to "seriously consider terminating Plaintiff Fitchett's employment as property manager," Id., such injuries are neither "actual or threatened," "concrete and particularized" nor "actual or imminent," but merely speculative, abstract and attenuated. Further, Plaintiff Johnson fails to allege any causal relation between his self-limited travel or his consideration of terminating Plaintiff Fitchett and Defendants' conduct. Even assuming the statutes at issue were found to be unconstitutional, there are no factual allegations that Plaintiff was ever in violation of those statutes. For the foregoing reasons, the allegations in the Complaint are insufficient to show that Plaintiff Johnson has standing to bring this action.

(Doc. # 91, pp. 3-5).

Furthermore, as properly explained by the district court:

Plaintiffs' complaint includes no allegation that Plaintiff Johnson is actually in violation of the challenged statutes. It is the opinion of the Court that Plaintiff Johnson's employee's failure to abide by the laws of South Carolina (assuming he is indeed in violation of the law) does not create a sufficient injury to trigger a case or controversy under Article III of the United States Constitution. In their objections, Plaintiffs fail to point to any specific, actual injury on the part of Plaintiff Johnson, arguing only that Plaintiff Johnson has himself feared being arrested and was forced to consider firing Plaintiff Fitchett. Pls.' Objs. 80. The former is highly speculative, as Plaintiffs do not allege that Plaintiff Johnson is in violation of the law. The latter is far too attenuated: any decision to fire Plaintiff Fitchett would result from his inability to perform the terms of his employment—not Defendants' enforcement of an allegedly unconstitutional law. Only Plaintiff Fitchett has standing to bring this

action as it is alleged.

(Doc. # 97).

No error of law was committed in this regard. Accordingly, judgment in the instant case should be affirmed.

Additionally, to the extent that the Appellants now allege that they somehow deprived of previously being heard on the issue of standing, all such contentions are equally without merit. Specifically, the undisputed record clearly reflects that the Appellants were allowed to, and did in fact, file objections to the Magistrate Judge's Report, which undeniably addressed the issue of standing (Doc. # 95). As well, the issue of standing was not raised *sua sponte*, as asserted by the Appellants. Instead, that issue was fully addressed in the Defendants' memorandum in support of summary judgment, to which the Plaintiffs responded (Doc. # 49, 74). As such, it cannot now be disputed that the Appellants were provided with both notice and an "opportunity to be heard" on the issue of standing and that they fully availed themselves of that opportunity. Accordingly, Appellants cannot now complain of any alleged due process violations.

Even assuming the Appellants were not afforded an opportunity to be heard on the standing issue, which is vehemently denied, any *sua sponte* dismissal of this case should stand where it is clear that the Appellants could not prevail, such as in the instant case. See eg. Bethea v. Nation of Islam, 248 Fed.Appx. 331 (3rd Cir. 2007) (holding that *sua sponte* dismissal was warranted even though plaintiff was not given an opportunity to be heard); Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002); Wood v. City of San Diego, 239 Fed. Appx. 310 (9th Cir. 2007) (holding that the district court did not violate Plaintiff's due process rights by *sua sponte* raising and then ruling on the standing issue without providing Plaintiff an opportunity to respond). The district court carefully

8

considered the Report and the Appellants' objections and properly dismissed the case in its entirety. No error of law was committed in that regard. For this reason, judgment in the instant case should also be affirmed.

ISSUE 3.    Did United States District Court Judge R. Bryan Harwell Err as a Matter of Law by Dismissing Appellant Fitchett's Claims for Failing to State a Claim for Which Could Be Granted?

Lastly, Appellants contend that United States District Court Judge R. Bryan Harwell erred as a matter of law by dismissing Appellant Fitchett's Claims for failing to state a claim for which could be granted. However, all such contentions are also without legal merit.

A district court's decision to grant judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is reviewed *de novo* on appeal applying the same standard as for motions made pursuant to Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 405 (4th Cir. 1998); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401 (4th Cir. 2002).

Rule 12(c) of the Federal Rule of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings" F.R.C.P. 12(c). In resolving a motion for judgment on the pleadings, the court should accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C.2004); Atwater v. Nortel Networks, Inc., 394 F. Supp.2d 730, 731 (M.D.N.C.2005). Judgment on the pleadings should be granted when accepting the facts as pleaded in the Complaint, the case can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F. Supp. 618, 619 (D.S.C.1993). The standard is similar to that

9

used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the Court is to consider the Answer as well as the Complaint." Continental Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249 (M.D.N.C. April 13, 1999). The Court may also rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp.2d at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that the court should consider pleadings and judicially noticed facts). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeks to dispose of a case on the basis of the underlying substantive merits of the parties' claims as they are revealed in the formal pleadings. 5C Wright & Miller, Federal Practice and Procedure Civil 3d § 1367 (2007).

In this case, the district court judge properly concluded that Appellant Fitchett failed to state a claim for which relief could be granted (Doc. # 97). In particular, as properly and succinctly stated by the district court:

> The Magistrate Judge also concluded that Plaintiff Fitchett failed to state a claim upon which relief may be granted and recommended that the entire case be dismissed on the basis that Plaintiff Fitchett, as alleged, is not in violation of South Carolina law. Plaintiffs object to the recommendation (footnote omitted) arguing that it was error to recommend "dismissal of the entire case after merely granting Defendant Wilson's motion to dismiss himself from the above captioned case." Pls.' Objs. 62. Plaintiffs provide no legal basis for this objection, which consists of one sentence in an eighty-two page submission. Furthermore, Plaintiffs' overall merits challenge in the objections (objections B and C) is to the Magistrate Judge's interpretation of the statutes at issue. To the extent Plaintiffs' objections are proper, the Court, as it discusses below, finds them to be meritless and futile in light of previous rulings by the District of South Carolina and the Fourth Circuit that the statutes pass constitutional muster. Of course, all Defendants jointly moved to dismiss both Plaintiffs for failing to state a claim upon which relief may be granted, and, as noted in footnote four, Plaintiffs filed a response to Defendants' argument, using much of

10

the fifty-seven pages of their "Motion for Continuance Pursuant to FRCP 56(d) of Defendants' Motion of Summary Judgment" to argue that the statutes at issue violate the Dormant Commerce and Equal Protection clauses (footnote omitted).

The Magistrate Judge's decision to not address Defendants' motion for summary judgment does not prevent the undersigned from doing so. As discussed in footnote four, the Court recognizes the motion should more appropriately be regarded as either a motion to dismiss or a motion for judgment on the pleadings, where the facts alleged by Plaintiff are assumed to be true. For the purposes of this action (without considering any evidence), Plaintiff Fitchett is allegedly a North Carolina resident with a vehicle registered in North Carolina. Whether or not he is in violation of South Carolina law and must register his vehicle in Horry County does not change the Fourth Circuit's previous lengthy analysis in a case, brought by Plaintiff Johnson, dismissing the same constitutional arguments (footnote omitted). *See* Johnson v. Cnty. of Horry, 360 F. App'x 466 (4th Cir.2010). Johnson is heavily quoted by the Magistrate Judge in the R & R, holding that the same South Carolina statutes are not unconstitutional under the Dormant Commerce and Equal Protection clauses. The Court finds Johnson, if not mandatory, highly persuasive, and nothing convinces the Court that any other outcome would be appropriate in a case where the mere distinction is that it is now Plaintiff Fitchett who is aggrieved by Horry County's enforcement of the statutes (footnote omitted). Plaintiff's objections are thus overruled.

 (Doc. # 97).

No error of law exists in that regard.

Again, Appellant Fitchett undeniably failed to state a claim that the statutes at issue were unconstitutional as applied to him. The statutes clearly do not violate Equal Protection, do not unconstitutionally burden the right to interstate travel, and do not violate the dormant Commerce Clause. Johnson v. County of Horry, 360 Fed. Appx. 466, 2010 WL 55542 (4th Cir. Jan. 5, 2010). As a matter of law, no viable claims were pled by the Appellants, nor do any exist. For this reason, judgment in the instant case should also be affirmed.

11

<u>Relief Requested</u>

Wherefore, the Appellees respectfully request that the Appellant's appeal be dismissed, that the appeal be denied, and the final decisions and judgment of the district court be affirmed. The Appellees also request that they be awarded attorney's fees and suit costs in connection with their successful defense of this frivolous appeal.


**WILLCOX, BUYCK & WILLIAMS, P.A.**


By:     s/ J. Scott Kozacki
        J. Scott Kozacki, Esq.
        Fed ID No. 5456
        PO Box 1909
        Florence, SC 29503-1909
        (843) 662-3258 - Tel
        (843) 662-1342 - Fax
        ATTORNEYS FOR THE APPELLEES


December 31, 2013
Florence, South Carolina


12

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on December 31, 2013, I served a copy of the Appellees' Informal Response Brief upon the Appellants by depositing the same in the U.S. mail, sufficient postage attached thereto, and addressed as follows:

Brad R. Johnson
111 SE 14th Street
Oak Island, NC 28465

William Fitchett
388 Davis Road
Cerro Gordo, NC 28430

By:    <u>s/ J. Scott Kozacki</u>
        J. Scott Kozacki